IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DUMONT BUSH,** :
:
    Petitioner : CIVIL NO. 1:CV-09-00819
:
v. : (Judge Rambo)
:
**WARDEN, USP CANAAN,** :
:
    Respondent :

# M E M O R A N D U M

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Dumont Bush ("Bush"), an inmate currently incarcerated at the United States Penitentiary at Canaan in Waymart, Pennsylvania ("USP-Canaan"). (Doc. 1.) Bush is challenging the Bureau of Prisons' ("BOP") calculation of his federal sentence. For the reasons that follow, the petition will be denied.

**I.    Background**

On July 20, 1995, Bush was taken into the custody of Pennsylvania authorities when his bond was revoked due to convictions in the Court of Common Pleas of Lehigh County, Pennsylvania ("Lehigh County court"), for possession with intent to deliver a controlled substance and possession of a controlled substance. (Doc. 11-2, Kelly Decl., Attach. C, Criminal Docket CP-39-

CR-0000524-1995, at 19-28.) On September 1, 1995, the Lehigh County court sentenced Bush to a term of imprisonment of eighteen (18) to thirty-six (36) months. (*Id*. at 26.)

Subsequently, on October 24, 1995, Bush was sentenced in the Lehigh County court to an additional term of imprisonment of six (6) to twelve (12) months for a probation violation. (Doc. 11-2, Kelly Decl., Attach. D, Criminal Docket CP-39-CR-0000922-1993, at 38.) The court directed that this sentence run concurrently with all other state sentences being served by Bush. (*Id.*)

Bush was produced from Pennsylvania state custody pursuant to a federal writ of habeas corpus *ad prosequendum* for various proceedings in the United States District Court for the Eastern District of Pennsylvania ("Eastern District Court") on the following dates: February 23, 1996; April 8, 1996; April 11, 1996; June 24, 1996; and September 6, 1996. (Doc. 11-2, Kelly Decl., Attach. E, United States Marshals Service ("USMS") Prisoner Tracking System Report, at 49-50.) On each of these dates, Bush was returned to Pennsylvania state custody the same day. Further, on October 21, 1996, Bush was produced from Pennsylvania state custody pursuant to a federal writ of habeas corpus *ad prosequendum* for an Eastern District Court proceeding, where he remained in secondary custody until

2

October 30, 1996. (*Id*. at 50.) On that date, Bush was returned to the custody of Pennsylvania authorities.

On January 21, 1997, Bush was sentenced in the Eastern District Court to a term of imprisonment of two hundred and ten (210) months for conspiracy to commit armed bank robbery, *see* 18 U.S.C. § 371, and armed bank robbery, *see* 18 U.S.C. § 2113(d). (Doc. 11-2, Kelly Decl., Attach. B, Eastern District Court Judgment, at 14-17.) Bush was arraigned on these charges on February 23, 1996. (Doc. 1 at 2.) In its judgment and commitment, the Eastern District Court recommended that Bush receive credit for all federal time served in custody pending disposition of the case. (Doc. 11-2 at 15.) The court was silent, however, with regard to whether Bush's sentence was to run concurrent with any undischarged state sentences. (*Id*.)

On June 18, 1997, Bush entered a plea of guilty in the Lehigh County court to a state charge of aggravated assault on a prison guard, for an offense committed on January 12, 1997. (Doc. 11-2, Kelly Decl., Attach. F, Criminal Docket CP-39-CR-0000395-1997, at 59.) On July 22, 1997, the Lehigh County court sentenced Bush to a term of imprisonment of one and one-half (1-1/2) to five (5) years. (*Id*. at 61.) On September 8, 1997, the Lehigh County court amended the sentence to reflect a term of imprisonment of twenty-one (21) months to five (5) years. (*Id*. at

3

64.) The court ordered the sentence to be served consecutively to the sentences Bush was serving at the time the sentence was imposed. (*Id*.)

Bush's eighteen (18) to thirty-six (36) month state sentence imposed on September 1, 1995, expired on March 21, 1998. (Doc. 11-2, Kelly Decl., Attach. G, Pennsylvania Department of Corrections records, at 70-72.) Bush's other state sentence of twenty-one (21) months to five (5) years, imposed on July 22, 1997, and amended on September 8, 1997, commenced on March 21, 1998, or the expiration of his previous state term of imprisonment. (*Id*. at 72.)

Bush was released from primary state custody on January 19, 2000, at which time federal authorities assumed primary custody. (Doc. 11-2, Kelly Decl., Attach. H, USMS Prisoner Tracking System, Custody and Detention Report, at 74-75.) The BOP calculated Bush's federal sentence as commencing on that date and running continuously since that date. (Doc. 11-2 at 12.) The BOP also reviewed Bush's case to determine whether he had any previous custody periods that would qualify him for an award of jail time credit or "prior custody credit" pursuant to 18 U.S.C. § 3585(b). (Doc. 11-2, Kelly Decl., ¶¶ 24-25, 6-7.) Further, the BOP presumed that Bush's state and federal sentences would not run concurrently because the federal sentencing court's judgment and commitment order was silent on the matter. (*Id*. at 6.) Bush's records reveal that all time he spent in primary

4

state custody, beginning July 20, 1995 through January 19, 2000, was awarded and credited toward his state sentence. (Doc. 11-2, Kelly Decl., Attach. L, DOC Sentence Computation, at 85-86.) Thus, under 18 U.S.C. § 3585(b), Bush was not entitled to receive credit toward his federal sentence for that period of time. (Doc. 11-2 at 12.)

Bush filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District Court on March 10, 2008. (Doc. 1.) Bush challenges the start date of his federal sentence of January 19, 2000, arguing that the BOP should award him credit for the time spent in state custody prior to being taken into primary federal custody on this date. (Doc. 1 at 6.) In its response, the government contended that Bush had filed his petition in the wrong district, as he was incarcerated in the Middle District of Pennsylvania at the time he filed his petition. (Doc. 3.) The Eastern District Court agreed, and the petition was subsequently transferred to this court on April 30, 2009. (*See* Doc. 5).

Prior to this court directing a substantive response to the petition, the BOP interpreted Bush's habeas petition filed on March 1, 2008 as a request for *nunc pro tunc* designation of a state institution for service of his federal sentence. As a result, on May 19, 2009, the BOP sent a letter to the federal sentencing court that

imposed the 210-month term of imprisonment for the bank robbery convictions,[1] requesting the court's position with respect to retroactive designation of a state institution for the service of Bush's federal sentence. (Doc. 11-2, Kelly Decl., Attach. N, Letter to the Honorable Harvey Bartle, III, at 93-94.) The BOP was acting in accordance with BOP Program Statement 5160.05, which provides, in part, that an inmate may request a *nunc pro tunc* designation of a state institution for concurrent service of a federal sentence. (Doc. 11-2, Kelly Decl., Attach. M, BOP Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, at 88-91.) Program Statement 5160.05 requires that the BOP wait sixty (60) days for a response from the sentencing court. (*Id*. at 90.) If a response is not received after those sixty days, the BOP will determine if a retroactive designation is appropriate based on five factors set forth in 18 U.S.C. § 3621(b).[2] (*Id*.) In Bush's case, the sixty days elapsed without a response from the

---

[1] The BOP noted that because the sentencing judge, the Honorable Franklin S. Van Antwerpen, had been appointed to the United States Court of Appeals for the Third Circuit, the correspondence was being sent to the Honorable Harvey Bartle, III, Chief Judge, for determination. (Doc. 11-2 at 93.)

[2] 18 U.S.C. § 3621(b) states, in part,

(b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-

(1) the resources of the facility contemplated;

sentencing court. (Doc. 15-2, Supplemental Kelly Decl., ¶ 7, 4.) As a result, the BOP considered the five factors outlined in 18 U.S.C. § 3621(b), and determined that Bush is not entitled to a *nunc pro tunc* designation. (Doc. 15-2, Kelly Decl., Attach. C, Factors Under 18 U.S.C. 3621(b) Worksheet, at 15-16.) In doing so, the BOP considered, *inter alia*, Bush's time spent in secondary federal custody, his extensive history of institution adjustment problems, his prior criminal history, and the fact that the judgment and commitment order was silent regarding his undischarged state sentence. (*Id.*)

After this matter was transferred to this court, on June 9, 2009, an order to show cause was issued, directing Respondent to respond to the merits of Bush's petition. (Doc. 10.) Responsive and reply briefings have been filed,[3] and the matter is now ripe for disposition.

---

(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence--
    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

[3] On August 21, 2009, the court directed Respondent to file a further response to the petition indicating what response, if any, the BOP has received from the federal sentencing court with respect to its position on retroactive designation for Bush, and whether Bush's sentence has been adjusted accordingly. (Doc. 14.) Pursuant to that order, Respondent filed a supplemental response on September 1, 2009. (Doc. 15.)

7

## II. Discussion

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, *see United States v. Addonizio*, 442 U.S. 178, 185-88 (1979); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Thus, Bush has properly invoked § 2241 to challenge the calculation of his federal sentence by the BOP and has done so in the proper district, where he was imprisoned at the time he filed the petition. *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, *United States v. Wilson*, 503 U.S. 329, 331-32 (1992); 18 U.S.C. § 3585, and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992). Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which

petitioner may be entitled. *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

Section 3585(a) provides that a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus *ad prosequendum*. *Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002); *Chambers*, 920 F. Supp. at 622. This is because the state remains the primary custodian in those circumstances.[4] Further, a concurrent sentence commences on the date of its imposition, not on the date of commencement of the prior sentence or some earlier date. *See Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983).

A determination of whether credit is warranted for time spent in custody prior to the commencement of a federal sentence is governed by 18 U.S.C. § 3585(b). This section provides the following:

---

[4] The jurisdiction that first arrests an offender has primary jurisdiction over the offender until that sovereign relinquishes it to another jurisdiction by, for example, bail release, dismissal of the state charges, parole release or the expiration of the state sentence. *See Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998); *Chambers*, 920 F. Supp. at 622.

9

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id*. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. *See also Chambers*, 920 F. Supp. at 622. "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

While § 3585(b) governs calculation of a sentence by the BOP, 18 U.S.C. § 3584 authorizes the federal sentencing court to impose a sentence that runs concurrent to a state sentence. This section provides, in part,

> (a) Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of

> imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

§ 3584(a); *see also Ruggiano*, 307 F.3d at 132 (sentencing court has authority under § 3584 and U.S.S.G. § 5G1.3(c) to order a federal sentence to be fully and retroactively concurrent to a state sentence the defendant was already serving).

In the instant case, Bush's federal sentence commenced on January 19, 2000, the date he was paroled on his state sentence. (Doc. 11-2 at 74.) The federal sentencing court did not indicate in the judgment and commitment order of January 21, 1997 that Bush's federal sentence would run concurrently with a state sentence to be imposed. As such, Bush's federal sentence was calculated by the BOP to run consecutively to his state sentence. (*Id*. at 11-12.) Moreover, Bush was not provided credit from July 20, 1995 (the date he was taken into custody by Pennsylvania authorities) through January 19, 2000 (the date he was paroled by Pennsylvania authorities) because at that time he was serving his state sentences, thereby already receiving credit for that time period from the State of Pennsylvania. Under 28 U.S.C. § 3585(b), applicable to Bush's federal sentence, Bush was not entitled to receive this credit toward his federal sentence because that time was already credited against his state sentence. Thus, the BOP did not err in its calculation of Bush's federal sentence.

Moreover, to the extent that Bush seeks prior custody credit toward his federal sentence for his time spent in secondary federal custody pursuant to several writs of habeas corpus *ad prosequendum*, Bush is not entitled to receive credit toward his federal sentence. When Bush was produced in federal court pursuant to a writ of habeas corpus *ad prosequendum*, federal authorities assumed only secondary custody of Bush. Bush remained in the primary custody of the State of Pennsylvania during these periods of time. Because Pennsylvania authorities maintained primary custody of Bush, that period of time was credited against his state sentence. As a result, under 18 U.S.C. § 3585(b), Bush is not entitled to receive credit toward his federal sentence for the same time period because that time has already been credited against his state sentence.

Finally, to the extent that Bush contends that the BOP should have credited him with time served in a state facility because the federal sentencing judge intended the federal sentence to run retroactively concurrent with the state sentence yet to be imposed, he is not entitled to receive credit toward his federal sentence. The BOP has the authority to run an inmate's federal sentence concurrent with a state sentence in circumstances where the intent of the federal sentencing court or the goals of the criminal justice system would make the exercise of that authority appropriate. *Barden*, 921 F.2d at 482-83; (Doc. 11-2 at

88-91, BOP Program Statement 5160.06). For example, a designation may be made: (1) if a federal sentencing court orders, on the judgment and commitment order, that the defendant's federal sentence shall run concurrently with a preexisting state sentence; (2) if a federal sentencing court orders concurrent service of the federal sentence at some time after the initial imposition of that sentence; (3) if an inmate requests a *nunc pro tunc* designation and the federal sentencing court does not object; or (4) if a state jurisdiction requests that the state and federal sentences be treated as concurrent sentences. (*Id*. at 89-91.)

Although the BOP must consider requests for concurrent sentences, it is not obligated to grant those requests. *Barden*, 921 F.2d at 478 n.4 ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently."); (Doc. 11-2 at 90, BOP Program Statement 5160.05 ("there is no obligation under *Barden* for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence")). The BOP will review the federal and state sentencing courts' judgment and commitment orders, state sentence data records, and any other pertinent information relating to the federal and state sentences, in order to make a determination whether to run the federal sentence concurrently with the state sentence. (*Id*.)

In the instant case, the federal sentencing court's judgment and commitment order was silent as to whether Bush's federal sentence should run concurrently with the state sentence yet to be imposed.[5] Furthermore, the BOP received no response to its letter sent to the federal sentencing court on May 19, 2009. As a result, consistent with BOP policy, the BOP determined that Bush's federal sentence ran consecutive to his state sentence. (Doc. 15-2 at 15-16.) As such, the BOP did not abuse its discretion in denying Bush's request for *nunc pro tunc* designation. *See Barden*, 921 F.2d at 478.

---

[5] Bush attaches to his traverse a transcript which apparently relates to his federal sentence. (Doc. 13 at 4-6.) In that transcript, Bush's attorney requests that Bush be returned to federal custody on September 21st (no year stated) because at that time he will have concluded his state sentence. (*Id*. at 4.) The court's response is, "I think he can." (*Id*. at 5.) However, it is not clear that this transcript relates to Bush, as it references only a "Mr. Williams," who was a co-defendant in Bush's federal trial, (*see* Doc. 13 at 13, Pre-sentence Report). Furthermore, this transcript appears to be from the arraignment, as the court makes references to whether there is a detainer in the matter and to the *upcoming* trial. (Doc. 13 at 6.) Nevertheless, this transcript does not demonstrate the sentencing court's intent with respect to concurrent sentences.

## III. Conclusion

Based on the foregoing, Bush is not entitled to credit toward his federal sentence, or to *nunc pro tunc* designation of federal service at a state facility. Accordingly, the petition for writ of habeas corpus will be denied.

An appropriate order follows.

                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated: October 14, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DUMONT BUSH,** | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 1:CV-09-00819 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **WARDEN, USP CANAAN,** | : | |
| | : | |
| Respondent | : | |

## O R D E R

**AND NOW**, this 14th day of October, 2009, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.
2. The Clerk of Court is directed to **CLOSE** this case.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge